IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALVADOR GONZALES<br>(BOP Register No. 09892-078),<br><br>Petitioner,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:17-cv-603-M-BN |

**MEMORANDUM OPINION AND ORDER**

Movant Salvador Gonzales, a federal prisoner, proceeding *pro se*, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

The motion, Gonzales's first Section 2255 motion concerning this criminal judgment, appears to be timely under 28 U.S.C. § 2255(f)(1) and includes a 36-page brief written in Spanish. *See* Dkt. No. 2 at 11-46; *see also id.* at 47 ("I am proceeding pro-se with the assistance of a bi-lingual fellow inmate. Because I don't speak English, and because the Court assigned an interpreter all along the proceeding, and because I had to sign this Motion under penalty of perjury, and the only language I understand is Spanish, ... my Motion's facts in support of its Grounds for relief is written in Spanish, excuse me for the inconvenience for your Office and the Court.").

Upon review of the brief and Gonzales's financial affidavit, filed in response to the Court's March 3, 2017 notice of deficiency and order, *see* Dkt. Nos. 3 & 4, the Court concludes *sua sponte* that the interests of justice require the translation of the Spanish-only brief.

## Legal Standards and Analysis

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, under the Criminal Justice Act (the "CJA"), "a [habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, Civil No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)); *see Scoggins v. MacEachern*, Civ. A. No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a

petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); other citations omitted)); *see also Lyle v. United States*, Civ. A. No. JFM-09-727 & Crim. No. JFM-02-395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (the decision to appoint counsel under "§ 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant" (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984))).

Relatedly, "under the CJA[, a party,] may move for the translation of documents if they are necessary for adequate representation." *United States v. Wattanasiri*, 141 F.3d 1152 (table), 1998 WL 105769, at *2 (2d Cir. Mar. 9, 1998) (per curiam) (first discussing 18 U.S.C. § 3006A(e)(1); then citing *United States v. Mosquera*, 816 F. Supp. 168, 174 (E.D.N.Y. 1993)). Indeed, Section 3006A(e)(1), which provides that counsel for a person "who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application," *id.*, may be the only statutory means to authorize funds for the translation of documents in this case, *see, e.g., United States v. Flores*, No. 1:10CR332-2, 2012 WL 1463602, at *8-*9 (M.D.N.C. Apr. 27, 2012) (concluding that, even if the Court Interpreters Act, 28 U.S.C. § 1827, was otherwise applicable to the judicial proceedings, a court should be "'reluctant to interpret "interpreters" loosely to include translators of written documents'" (quoting *Extra Equipamentos E Exportacao Ltda.*

*v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008))); *see also Gibson v. Jackson*, 578 F.2d 1045, 1052 (5th Cir. 1978) (Rubin, J., addendum to opinion) (suggesting that, "if the need for expert witnesses is shown, federal funds for their services" may be authorized under Section 3006A(e)(1) in a habeas action under 28 U.S.C. § 2254); *Dixon v. Admin. Appeal Dep't Office of Info. & Privacy*, No. 06 Civ. 6069(LAK), 2008 WL 216304, at *8 (S.D.N.Y. Jan. 22, 2008) ("A person whose criminal conviction has been finalized might still be eligible for the services authorized under [Section 3006A(e)(1)], provided that they are in aid of a pending habeas petition under sections 2241 or 2255." (citing 18 U.S.C. § 3006A(a)(2))).

Confronted with Gonzales's 36-page brief in Spanish, the Court begins by noting that

> [n]either statutes nor administrative rules provide guidance on whether pleadings must be written in English. While no statute explicitly permits the filing of pleadings written in languages besides English, there also is no federal statute requiring pleadings to be written in English. And the [Northern] District of Texas has not adopted a local rule requiring pleadings to be in English or accompanied by an English translation. When an issue is not covered by a rule, the district courts are to regulate their practice in any manner not inconsistent with the Federal Rules of Civil Procedure or local rules. FED. R. CIV. P. 83.

*Gomez v. Myers*, 627 F. Supp. 183, 184 (E.D. Tex. 1985).

Neither the undersigned nor a member of his staff is fluent in Spanish. And the Court is not prepared to serve Gonzales's motion on the United States expecting that the government will pay to translate the brief. *Cf. Wattanasiri*, 1998 WL 105769, at *2 ("The [United States] Supreme Court has stated that the expenditure of public funds is proper only when authorized by Congress. There is no specific statute that allows a

district court to order the Government to translate documents for an individual to assist him in preparing for a § 2255 motion." (citation omitted)).

But at least three more options appear available.

One option is to require that Gonzales re-file his brief in English. As acknowledge above, however, to do so would not be pursuant to a statute or rule. And, while relying "on the assistance of fellow inmates more proficient in English to prosecute [an action may be] an acknowledged reality of habeas corpus proceedings" for many petitioners, *Esquivel v. United States*, No. 3:15-cv-553-D-BN, 2016 WL 6902150, at *6 (N.D. Tex. Oct. 3, 2016) (citations omitted), *rec. adopted*, 2016 WL 6902183 (N.D. Tex. Nov. 21, 2016), here, the Court is hesitant to require an inmate who has already himself prepared a substantial pleading in a language other than English to enlist another inmate to translate that pleading just because the Court cannot read it.

So, given the particulars of this action, the better options begin with the CJA. The Court could appoint counsel, at least for the purpose of preparing an amended Section 2255 motion, under that statute. But, considering the preliminary nature of this proceeding, a more conservative approach is found in Section 3006A(e)(1).

That section allows even a *pro se* litigant to request "other services necessary for adequate representation." *Id. See United States v. Hamlet*, 456 F.2d 1284, 1284 (5th Cir. 1972) (per curiam) ("Section 3006A(e) provides that counsel for an indigent defendant may request expert services necessary to an adequate defense. The trial court is thereupon required to make further inquiry into the need for such services in

an ex parte proceeding.... The fact that Hamlet was acting as his own counsel does not remove him from the benefits of § 3006A as the Government urges, but heightens the court's responsibility to make a careful ex parte inquiry and determination of the need for such services." (citations omitted); *see also United States v. Enigwe*, No. Crim. A. 92-00257, 1994 WL 263261, at *2 (E.D. Pa. June 13, 1994) ("Although § 3006A(e) makes reference only to the appointment of an expert at the request of counsel, the courts have generally found that § 3006A(e) is applicable to *pro se* defendants." (collecting cases)); *United States v. Bissell*, 954 F. Supp. 903, 922 (D.N.J. 1997) ("Significantly, [the District of New Jersey's] CJA Plan does not require counsel to be appointed before a party may make an ex parte application for appointment of services. Section 3006 likewise contains no such requirement." (citations omitted)); *but see Edwards v. Miller*, Civ. No. 14-0429 JAH (KSC), 2015 WL 10963718, at *26 (S.D. Cal. Apr. 1, 2015) ("The plain language of the statute 'necessarily contemplates that "counsel" is the person who may request funding for[, for example,] investigative services, and that, in turn, suggests that counsel must first have been appointed under § 3006A before the court will consider authorizing funding for [such] services.'" (quoting *Covarrubias v. Gower*, No. C-13-4611 EMC (pr), 2014 WL 342548, *1 (N.D. Cal. Jan. 28, 2014), and concluding that, "[b]ecause Petitioner is proceeding on habeas *pro se*, he is not entitled to funds to hire an expert")).

Having concluded that a *pro se* habeas petitioner may request services under Section 3006A(e)(1), the Court need not in this case consider the ex parte aspect of that

-6-

section because, here, the Spanish-only brief, which triggered the Section 3006A(e)(1) inquiry, is included in the Section 2255 motion, which was not filed ex parte but was instead filed, initially, in Gonzales's criminal case, in which the United States receives ECF-notice of filings. *See United States v. Gonzales*, No. 3:14-cr-301-M (02) (N.D. Tex.), Dkt. No. 133; *cf. Fuller v. Johnson*, 114 F.3d 491, 503 (5th Cir. 1997) ("[T]he guarantees of section 3006A(e) are distinct in at least one important respect: the statute provides a defendant expert assistance for preparation for his trial, and provision of those statutory guarantees therefore takes on a constitutional dimension not present in collateral habeas corpus proceedings. The fact that there is no constitutional right at stake in the district court's failure to provide ex parte proceedings in the habeas context counsels against vacating the district court's decision on so narrow a ground." (citations omitted)); *United States v. Robinson*, 95 F.3d 1153 (table), 1996 WL 490379, at *11 (6th Cir. Aug. 27, 1996) (per curiam) ("The purpose of the ex parte hearing [under Section 3006A(e)(1)] is to allow the defense to avoid prematurely revealing its theory of the case to the government. When a defendant chooses to forego this procedure and reveal its theory to the government in a motion served on the government, there is no need to grant an ex parte hearing." (citations omitted)).

While the Court is unable to find – at this time – that Gonzales has presented significant legal issues requiring the appointment of counsel in the interests of justice, translation of his substantive Spanish-only brief will benefit Gonzales and the Court. And such a translation, without which the Court will be unable to understand the legal

issues as Gonzales himself has raised them, is in the interests of justice.

## Conclusion

Because the financial affidavit submitted by Gonzales reflects that he qualifies for assistance under the CJA, *see* Dkt. No. 4, the Court authorizes the expenditure of funds, under 18 U.S.C. § 3006A(e)(1), to translate the 36-page brief written in Spanish, *see* Dkt. No. 2 at 11-46, into English and to facilitate the filing of an English translation of that document in this action.

The Court will enter a separate order setting out the mechanics of the translation process.

SO ORDERED.

DATED: April 4, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE