IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALVADOR GONZALES (BOP Register No. 09892-078), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:17-cv-603-M-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Salvador Gonzales, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Dkt. No. 2. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the Section 2255 motion.

**Applicable Background**

Gonzales pleaded guilty to conspiracy to distribute a schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and, based on a motion by the government, he was sentenced to 180 months of imprisonment, which was below the advisory Guidelines range. *See United States v. Gonzales*, No. 3:14-cr-301-M (02) (N.D. Tex.), Dkt. Nos. 58, 68, 81 & 85. The United States Court of Appeals for the Fifth Circuit dismissed his appeal on the government's motion. *See United*

*States v. Gonzales*, No. 15-10476 (5th Cir. Dec. 8, 2015) (per curiam). And Gonzales did not file a petition for writ of certiorari.

His timely-filed Section 2255 motion, *see* 28 U.S.C. § 2255(f)(1), included a 36-page brief written in Spanish, *see* Dkt. No. 2 at 11-46; *see also id.* at 47 ("I am proceeding pro-se with the assistance of a bi-lingual fellow inmate. Because I don't speak English, and because the Court assigned an interpreter all along the proceeding, and because I had to sign this Motion under penalty of perjury, and the only language I understand is Spanish, ... my Motion's facts in support of its Grounds for relief is written in Spanish, excuse me for the inconvenience for your Office and the Court.").

Upon review of the brief and Gonzales's financial affidavit, filed in response to the Court's March 3, 2017 notice of deficiency and order, *see* Dkt. Nos. 3 & 4, the Court concluded that the interests of justice required that it authorize the expenditure of funds under 18 U.S.C. § 3006A(e)(1) to translate the brief into English, *see United States v. Gonzales*, No. 3:17-cv-603-M-BN, 2017 WL 1231689 (N.D. Tex. Apr. 4, 2017); *see also* Dkt. Nos. 4 & 7.

The Section 2255 motion as supported by the translated brief presents claims that Gonzales's trial counsel violated his Sixth Amendment right to effective assistance of counsel by failing to effectively advocate on his behalf at sentencing. In sum, Gonzales argues that an adequate investigation by counsel would have resulted in the Court's lowering the offense-level component of his Guidelines sentence. And he specifically contends that, had counsel conducted an adequate investigation, he could have successfully objected to the sentencing enhancements Gonzales received for

importing drugs from Mexico (under U.S.S.G. § 2D1.1(b)(5)), *see, e.g.,* Dkt. No. 7 at 3-7, and for possessing a firearm (under U.S.S.G. § 2D1.1(b)(1)), *see, e.g.,* Dkt. No. 7 at 7-11. He further argues that an adequate investigation by counsel would have resulted in a successful challenge to the drug weight used to calculate the base offense level, *see, e.g., id.* at 11-16; *see also* U.S.S.G. § 2D1.1(c), and a successful minor-participant reduction (under U.S.S.G. § 3B1.2), *see, e.g.,* Dkt. No. 7 at 16-21; *see also Gonzales*, No. 3:14-cr-301-M (02) (N.D. Tex.), Dkt. No. 64 (counsel's response to the presentence report, objecting to the drug weight and requesting an adjustment based on minor or minimal participant).

## Legal Standards

Relief under Section 2255 is limited to a claim "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *cf. Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004) ("[U]nlike direct review where the correctness of a court or agency order is comprehensively and directly before the court, a habeas court reviews the correctness of such an order only insofar as it relates to 'detention simpliciter.' In other words, habeas is not shorthand for direct review." (citations omitted)).

And a movant "has a burden of sustaining his contentions on a § 2255 motion by a preponderance of the evidence." *United States v. Bondurant*, 689 F.2d 1246, 1251

(5th Cir. 1982) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)); *see Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971) ("A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief."); *United States v. Ellis*, Crim. No. 13-286, 2018 WL 1005886, at *2 (E.D. La. Feb. 21, 2018) ("Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence." (citing *Wright*, 624 F.2d at 558)); *see also Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 384 n.9 (N.D. Tex. 2016) ("Proving a fact by a 'preponderance of the evidence' means showing that the existence of a fact is more likely than not. Thus, to prove a fact or claim by a preponderance of the evidence, a party must prove that it is more likely than not that its version of the facts is true." (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983))).

    The Court reviews claims of ineffective assistance of counsel ("IAC") under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see id.* at 687-88. To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. \_\_\_\_, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

-4-

The movant also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

To demonstrate prejudice generally, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect

-5-

on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

## Analysis

Gonzales's current claims at their core challenge the Court's calculation of his advisory Guidelines sentence. And he may present those claims in the context of his counsel's alleged failure to investigate because a claim that the Court misapplied the Guidelines is not cognizable in this collateral proceeding. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." (citations omitted)). Regardless, an IAC claim based on alleged failure to investigate imposes a substantial burden.

Under *Strickland*, counsel's duty is "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691. And the Fifth Circuit has held that, "[i]n assessing unreasonableness a

-6-

heavy measure of deference must be applied to counsel's judgments. A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted).

> Without such a showing, "'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.'" *Id.* (quoting *United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991)). The Fifth Circuit has advised: "We must be particularly wary of 'argument[s] [that] essentially come[ ] down to a matter of degrees. Did counsel investigate enough? Did counsel present enough mitigating evidence? Those questions are even less susceptible to judicial second-guessing." *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000) (quoting *Kitchens v. Johnson*, 190 F.3d 698, 703 (5th Cir. 1999)) (alterations in original).

*Chapman v. United States*, Nos. EP-14-cv-0062-KC & EP-09-cr-2453-KC-3, 2015 WL 2339114, at *12 (W.D. Tex. May 13, 2015).

Gonzales fails to explain what additional investigation by counsel "would have revealed and how it would have" changed the Court's calculation of the advisory Guidelines sentence. *Green*, 882 F.2d at 1003. He therefore fails to carry his burden to show that his counsel was constitutionally ineffective for failing to conduct additional investigation to support objections to the Guidelines sentence.

And, to the extent that Gonzales argues that his Sixth Amendment right to effective counsel was violated because there was insufficient evidence to support the sentencing enhancements, *see* Dkt. No. 7 at 5, 7-11, he has not shown that the government failed to prove each enhancement by a preponderance of the evidence and

thus has not established deficient performance under *Strickland*, *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) ("[F]ailure to assert a meritless objection cannot be grounds for a finding of deficient performance." (citing *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994))).

Here, the Court adopted the factual findings contained in presentence report and addendum. *See Gonzales*, No. 3:14-cr-301-M (02) (N.D. Tex.), Dkt. No. 86. And, "[w]hile the Government has the burden to prove, by a preponderance of the evidence, the facts which are necessary to support [an] enhancement, 'as a general rule, information in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate, or unreliable.'" *United States v. Olivares*, 833 F.3d 450, 452 (5th Cir. 2016) (per curiam) (quoting *United States v. Carbajal*, 290 F.3d 277, 287 (5th Cir. 2002); citation and original brackets omitted).

The presentence report reflected that the investigation found that the drugs in Gonzales's home originated in Mexico and that a co-defendant made regular trips to Mexico to further their trafficking operation. Further, it did not matter – contrary to Gonzales's current assertion, *see* Dkt. No. 7 at 3 – that he allegedly did not know that the drugs were imported, *see United States v. Serfass*, 684 F.3d 548, 553 (5th Cir. 2012) ("[B]ecause § 2D1.1(b)(5) applies regardless of whether Serfass knew that the methamphetamine he possessed was imported, we need not, and therefore do not, address his assertion that he had no such knowledge.").

And, because the presentence report established that a gun was in the closet of the bedroom in which the drugs were seized, Gonzales's arguments for why he did not merit an enhancement under Section 2D1.1(b)(1) – that the gun was inoperable, not easily accessible, and unloaded – also fail. *See, e.g., United States v. Medrano*, 452 F. App'x 469, 470-71 (5th Cir. 2011) (per curiam) ("A § 2D1.1(b)(1) enhancement is appropriate if a weapon is present "unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3). It does not matter whether Medrano used or intended to use the weapons. Rather, the pertinent fact is that the weapons could have been used. *See United States v. Jacquinot*, 258 F.3d 423, 431 (5th Cir. 2001). As Medrano did not present evidence to rebut the facts set forth in the PSR, the district court was entitled to rely upon the facts set forth therein. *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995). Facts in the PSR establish that firearms were present in Medrano's residence, he conducted drug trafficking activities from his home, and drug paraphernalia was found in the home. Thus, it was not clearly improbable that the weapons were connected with the offense, and the district court did not commit clear error when it enhanced Medrano's sentence pursuant to § 2D1.1(b)(1). *See United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993)." (citation modified)).

Similarly, the presentence report contained sufficient factual information to support the drug-quantity calculation by a preponderance of the evidence. *See, e.g.*, *United States v. De La Pena*, 220 F. App'x 247, 247-48 (5th Cir. 2007) (per curiam).

And, particularly in light of the case agent's testimony that he did not view Gonzales as a minor participant, *see Gonzales*, No. 3:14-cr-301-M (02) (N.D. Tex.), Dkt.

No. 110 at 27-28; *see also United States v. Anchundia-Espinoza*, 897 F.3d 629, 634 (5th Cir. 2018) ("A minor participant adjustment is not appropriate simply because a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." (quoting *United States v. Miranda*, 248 F.3d 434, 446-47 (5th Cir. 2001))), Gonzales has not shown that it was objectively unreasonable for his counsel to abandon an argument that Gonzales was entitled to a minor role reduction, as that argument could have risked his acceptance of responsibility and the relief being offered by the government, *see, e.g., Porter v. United States*, Nos. 2:16-cv-145 & 2:15-cr-8, 2017 WL 7049335, at *6 (S.D. Ga. Oct. 25, 2017) ("In light of evidence to the contrary, ... it was objectively reasonable for Mr. Harrison to not argue that Porter was a minimal or minor participant under Section 3B1.2. This is particularly true given the need for Mr. Harrison to not risk the three-level decrease in offense level Porter received for his acceptance of responsibility." (citation omitted)), *rec. adopted*, 2018 WL 547269 (S.D. Ga. Jan. 24, 2018).

## Recommendation

The Court should deny Movant Salvador Gonzales's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE